UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA,<br><br>Defendant. | Case No. 2:18-cv-02263-RFB-CWH<br><br>ORDER |

Before the Court is Plaintiff Charles N. Belssner's Application for Leave to Proceed *in forma pauperis*. ECF No. 1. The Court, however, turns first to the issue of subject matter jurisdiction. The Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted); see also Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

After reviewing Plaintiff's Proposed Complaint at ECF No. 1-1, the Court finds Plaintiff fails to provide any allegations to support a basis for federal subject matter jurisdiction. While Plaintiff summarily cites federal statutes and employs certain phrases like "due process" and "constitutional rights," he does not clearly identify a claim over which this Court may exercise its jurisdiction. Plaintiff appears to craft a claim labeled "The State of Nevada is a Landlord State." The Court finds that such a claim is not a cognizable federal cause of action.

The Court further finds that amendment of the Proposed Complaint would be futile, as the relief that Plaintiff seeks is essentially appeals from the final decisions in his state court matters to this Court for review. See Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) ("Rooker-

Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments[.]"). The Court therefore dismisses this matter in its entirety with prejudice. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 725–26 (9th Cir. 2000) (explaining a district court may deny an opportunity to amend a complaint "when amendment would be futile[.]").

**IT IS THEREFORE ORDERED** that this matter is DISMISSED with prejudice. The Clerk of the Court is instructed to close the case accordingly.

DATED: November 28, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**